DOUGLAS MOTORS CORPORATION, APPELLEE AND CROSS-
APPELLANT, V. DANIEL BAUM, JR., APPELLANT
AND CROSS-APPELLEE.

FILED SEPTEMBER 22, 1923.  No. 22396.

Compromise and Settlement. Upon the state of facts set forth in the
opinion, it is *held* that all matters in dispute between the parties
were fully settled by the agreement of compromise, which was sup-
ported by a sufficient consideration and fully performed.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Affirmed in part, and reversed
in part.*

*Gaines, Van Orsdel & Gaines,* for appellant.

*Brome & Ramsey* and *H. C. Brome, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN and DAY,
JJ., BLACKLEDGE and COLBY, District Judges.

DAY, J.

This is an action in the nature of an accounting
brought by the Douglas Motors Corporation against
Daniel Baum, Jr. In the first cause of action the plain-
tiff seeks to recover from Baum the value of 675 shares
of its capital stock, which it alleges was fraudulently
issued to Frank W. Bacon without any consideration
paid to the plaintiff therefor. Bacon was not served with
process, and has since died. The plaintiff seeks to hold
Baum liable upon the theory that, as president of plain-
tiff corporation, and as a member of its board of direc-
tors, he participated in the wrongful issuance of the
shares of stock. In the second cause of action the plain-
tiff seeks to recover from Baum the value of 76 shares
of its capital stock, which it alleges was fraudulently
issued to him without any consideration being paid
therefor.

The answer of Baum denied that the stock issued to
Bacon or to himself was issued without any considera-
tion, alleged that there was a valid legal consideration
therefor, and denied that there was any fraud in the

issuance of the shares of stock; that all the then stockholders consented to the issuance of the said shares to Bacon as well as to himself. Baum also pleaded that there had been a full and complete settlement of the matters which form the basis of plaintiff's cause of action.

The trial court found against the plaintiff on the first cause of action, and dismissed it. Upon the second cause of action the court found in favor of the plaintiff; found the value of the 76 shares of stock to be $7,500, and rendered judgment against Baum for that sum, with interest. Baum has appealed from the judgment against him on the second cause of action. Plaintiff has filed a cross-appeal from the judgment on the first cause of action.

The facts giving rise to the controversy are as follows:

In 1910 a corporation was organized in Nebraska, known as the Drummond Motor Company, for the purpose of manufacturing and selling motor vehicles. The stock in this corporation was held largely by Frank W. Bacon and Walter J. Griffith. Bacon, who was a mechanical engineer of considerable genius and experience, had designed a type of motor car known as the "Drummond," which the company proposed to manufacture and place on the market. The Drummond company did not have sufficient means to manufacture this car on the large scale desired, and accordingly applied to Daniel Baum, Jr., and others for a loan. After some negotiations a loan was made which eventually amounted to approximately $44,000. In this way Baum, who was a successful business man, became familiar with the affairs of the Drummond company. In December, 1916, a scheme was suggested by either Baum or Bacon that a new corporation be organized with a large capital which would take over the business and assets of the Drummond company and assume its liabilities. Accordingly Daniel Baum, Jr., Frank W. Bacon, and Richard O. Bunn, residents of Nebraska, and George F. Sayre

of South Dakota, organized a corporation under the laws of South Dakota with an authorized capital of $1,000,000, divided into shares of $100 each. The pur-pose of the corporation was to engage in the manufacture and sale of motor vehicles. By the terms of the articles of incorporation the four incorporators constituted the board of directors until a board of directors was elected by the stockholders at their annual meeting.

Following the organization a meeting of the board, excepting Sayre, was held, and elected Daniel Baum, Jr., president, Frank W. Bacon, vice-president and general manager, and Richard O. Bunn, secretary and treasurer. At the first meeting of the board of directors, in pur-suance to a prearranged plan, 675 shares of the capital stock was issued to Baum, and a like number of shares to Bacon. Other shares were issued to other parties. Shares were also issued to the Drummond Motor Com-pany for its lease, good-will and materials, and the busi-ness of the Drummond company was taken over by the plaintiff corporation. Up to this time no money had been paid to the corporation for the shares of stock issued.

A stock-selling scheme was then inaugurated to sell the stock to the public, and over $500,000 of stock was thus sold. More than a year after the corporation had been operating, dissension arose among the directors, and the question was raised by some of the directors as to Baum's right to the stock which had been issued to him. At that time Baum still owned 599 shares of the 675 shares which had been originally issued to him, the remaining 76 shares he had sold. Following the dis-cussion, which appears to have been conducted with con-siderable asperity, Baum submitted to the board a prop-osition in writing, as follows:

"Inasmuch as there have been complaints because of my holding stock in the Douglas Motors Corporation, and the manner of acquiring the same, in order to avoid

all controversy and for the purpose of full compromise and settlement, I make the following proposition: I am willing to assign to the Douglas Motors Corporation, for cancelation, any and all stock owned by me or in my name, namely 599 shares, on condition that the acceptance thereof shall be in full settlement of any and all matters between said corporation and myself, of every kind and character, growing out of the issuance of stock in said corporation and my connection with the corporation as an officer and director, and otherwise."

This offer was accepted by the full board of directors, each member voting to accept the proposition. Thereupon Baum surrendered the 599 shares of stock and resigned as president of the corporation, for which service he was being paid $250 a month, and thus severed his relationship to the corporation.

Two questions are argued in the briefs: First, that the corporation has no standing to now question the issuance of the shares of stock to Baum or Bacon, because at the time the shares were issued every one interested in the corporation assented thereto; second, that Baum has fully and completely settled for any liability which might have been legally charged against him. Upon the first proposition suggested, the authorities appear to be divided. In *Old Dominion Copper Mining & Smelting Co. v. Lewisohn*, 210 U. S. 206, it is held that a corporation cannot assail the issuance of its stock, when at the time of its issuance all the stockholders consented thereto. Under the same facts an opposite conclusion was reached by the supreme court of Massachusetts in *Old Dominion Copper Mining & Smelting Co. v. Bigelow*, 203 Mass. 159. We do not deem it necessary at this time to commit ourselves as to which line of authorities we prefer to follow, as the settlement appears to us to be decisive of the question of Baum's liability. The language of the proposal by Baum, which was

accepted by the corporation acting through its board of directors, is comprehensive in its scope, and includes all matters between the corporation and Baum of every kind and character growing out of the issuance of stock in the corporation, and of his connection with the corporation as an officer, director, or otherwise.

The terms of the settlement were clearly broad enough to include, not only the shares of stock issued to Baum, but also those issued to Bacon, if it could be said that Baum was liable for having participated in the issuance of the shares to Bacon. The plaintiff seeks to avoid the settlement upon the ground that there was no consideration to support it, and the argument is advanced that Baum simply surrendered a part of the stock to the whole of which he had no legal claim. While it is ordinarily true that a dispute as to the legal effect arising from undisputed facts is not sufficient to sustain a settlement, yet in this case we think there was more than the legal question involved in the transaction. Baum surrendered a valuable right, viz., that of being president of the corporation, as well as the salary which went with the office. Considering the entire record, we are quite satisfied that the settlement entered into precludes the plaintiff from recovering from Baum.

From what has been said it follows that the judgment dismissing the first cause of action was right, and should be affirmed. The judgment against Baum on the second cause of action should be reversed, and the action dismissed.

AFFIRMED IN PART, AND REVERSED IN PART.